**HECLA MINING COMPANY,**
**Plaintiff–Appellant,**

v.

**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; Thomas P. Dunne, Administrator, Region 10, EPA, Defendants–Appellees.**

No. 92–35582.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1993.

Decided Dec. 21, 1993.

Fred M. Gibler, Evans, Keane, Koontz & Gibler, Kellogg, ID, for plaintiff-appellant.

Martin F. McDermott, U.S. Dept. of Justice, Washington, DC, for defendants-appellees.

Before: GOODWIN, HUG, and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

This case is a challenge brought pursuant to the Administrative Procedure Act (APA) 5 U.S.C. §§ 701–706, by Hecla Mining Company (Hecla) to decisions of the Environmental Protection Agency (EPA) made pursuant to §§ 304(*l*)(1)(B) and (C) of the Clean Water Act. 33 U.S.C. §§ 1314(*l*)(1)(B) and (C). The district court dismissed the action. We affirm for the reason that the challenged decisions of the EPA do not constitute the final agency action which is necessary to state a cause of action under the Act.

Hecla operates the Lucky Friday Mine located along the Coeur d'Alene River in Idaho. In its mining process, toxic pollutants are discharged into the river.

The Clean Water Act prohibits the discharge of any pollutants from a point source unless the discharge complies with the terms of a National Pollutant Discharge Elimination Systems ("NPDES") permit. The EPA has granted authority to 39 states to issue these permits. Idaho is not one of them. The Clean Water Act was amended by the Water Quality Act of 1987 (33 U.S.C. § 1311 et seq.) which placed greater emphasis on attaining state water quality standards. In order to attain water quality standards for toxic pollutants, § 304(*l*) requires states to submit to the EPA lists of, *inter alia*, (1) the state's navigable waters that, after the application of technology based controls, are not expected to meet prescribed water quality standards (the B list), and (2) those point sources discharging toxic pollutants that are responsible for impairing the achievement of water quality standards for the waters on List B (the C list).

The State of Idaho submitted its B and C lists to the EPA. Upon receipt of the lists, the EPA issued a proposed decision approving in part and disapproving in part the Idaho lists because they were underinclusive. The EPA then initiated a 120-day public comment period regarding the possible addition of waters and point sources to the Idaho lists. The EPA, after the public comment period, issued a proposal to amend Idaho's B list to include the South Fork of the Coeur d'Alene River and include the Lucky Friday Mine on the C list. Following a public comment period on its proposal, the EPA issued a decision adding the river and the mine to the appropriate lists.

Hecla in this action contends that the EPA exceeded its authority when, after it approved Idaho's B and C lists, it unilaterally amended them. It contends that the decision of the EPA to include the South Fork of the Coeur d'Alene River and the Lucky Friday Mine on Idaho's lists is final agency action because the decisions are final. It asserts that the river and mine are on the lists and that is a final decision.

■ We hold that the decision to include the river and mine on the lists is not the final agency action necessary to state a cause of action under § 704 of the APA. Finality of an agency action turns on whether the action was a definitive statement of the agency's position, had a direct and immediate effect on the day to day business of the complaining party, had the status of law and whether immediate compliance with the decision is expected. *F.T.C. v. Standard Oil Co.*, 449 U.S. 232, 239–40, 101 S.Ct. 488, 493, 66 L.Ed.2d 416 (1980).

■ We concur with the Third and Fourth Circuits in concluding that EPA listing decisions do not constitute final agency action. Both circuits have held that listing decisions are merely preliminary steps in the § 304(*l*) process. *Munic. Auth. of Bor. of St. Marys v. E.P.A.*, 945 F.2d 67, 69 (3d Cir.1991); *P.H.*

*Glatfelter Co. v. EPA,* 921 F.2d 516, 518 (4th Cir.1990).

■ In this case, the final agency decision that will require action on the part of Hecla is the issuance of a final NPDES permit. Until such a permit is issued there is no definitive statement on the EPA's position and no rules are established with which immediate compliance is required. Administrative agency action that serves only to initiate proceedings does not have the status of law or a direct and immediate effect on the day to day business of the complaining party.

The judgment of the district court dismissing the action is AFFIRMED.