**CASCADE CONSERVATION LEAGUE, a nonprofit corporation, Plaintiff,**

**v.**

**M.A. SEGALE, INC., a Washington corporation, et al., Defendants.**

No. C95–781Z.

United States District Court, W.D. Washington.

April 2, 1996.

M. David Karnas, Michael H. Carter, Siegel Bellovin & Karnas, Tucson, AZ, Richard A. Smith, Seattle, WA, Charles R. Williams, Seattle, WA, for Plaintiff.

Peter L. Buck, Brent Carson, Buck & Gordon, Seattle, WA and Stephen T. Parkinson, Morrison & Foerster, Seattle, WA, for M.A. Segale, Inc.

Peter L. Buck, Buck & Gordon, Seattle, WA, for LA Pianta Ltd. Partnership.

Brian C. Kipnis, U.S. Attorney's Office, Seattle, WA and Mark A. Nitczynski, U.S. Department of Justice, Environmental Defense Section, Washington, DC, for U.S. Army Corps of Engineers, Togo D. West, Jr., Secretary; Environmental Protection Agency, Carol Browner, Administrator.

## ORDER

ZILLY, District Judge.

THIS MATTER comes before the Court on the federal defendants' motion for judgment on the pleadings, docket no. 49. The

Court heard oral argument on March 15, 1996, and took the matter under advisement. The Court, having reviewed all pleadings in support of and in opposition to the motion, now GRANTS the motion.

## BACKGROUND

The subject of this action is a plot of land located north of South 204th St., east of 46th Ave., south of South 189th St., and west of the Green River in Kent, in unincorporated King County, Wash. The Army Corps of Engineers ("the Corps") has delineated a portion of the land as wetlands, and thus subject to regulation under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA").[1] The Corps has not determined whether the entire parcel of land is wetlands.

Plaintiff Cascade Conservation League is a non-profit environmental preservation group. The federal defendants are: the Corps; Togo West, Jr., chief administrator of the Corps; the Environmental Protection Agency (the "EPA"); and Carol Browner, chief administrator of the EPA. The land is owned by defendants M.A. Segale, a Washington corporation, and La Pianta, a Washington limited partnership. Plaintiff's claims for injunctive relief and civil penalties against the owners are not at issue here.

Plaintiff alleges that the owners of the land have been discharging dredged and fill material illegally. The CWA requires a permit for the discharge of dredged material on designated wetlands unless the activity falls into one of the enumerated exceptions, including "normal farming." 33 U.S.C. § 1344(f). The Corps has concluded that

Segale's activities are "normal farming" activities, for which a permit is not required. The Corps stated in a letter to Segale: "If you perform any activity other than 'normal farming activities' on any of the above described properties, propose to convert the use of the properties to any use other than farming, or if new relevant information is brought to our attention, we will reinvestigate the subject property use to determine if we have Section 404 [CWA] jurisdiction which may require a wetland determination." Mueller Letter, Exh. F to Amended Complaint (docket no. 57).[2]

Plaintiff claims that the Corps erred in determining that Segale's activities are "normal farming," and claims that the EPA should have reviewed and reversed this decision. Plaintiff further claims that the Corps should have made a wetlands determination as to the entire parcel of land, and that the EPA should have compelled such action. Plaintiff bases its claims on the CWA's citizen's suit provision, 33 U.S.C. § 1365(a)(2), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

The federal defendants now move to dismiss the following claims, citing lack of subject matter jurisdiction: (1) CWA claim against all federal defendants for failing to perform nondiscretionary duties; (2) APA claim against the EPA for failing to review and overturn the "normal farming" determination by the Corps;[3] (3) APA claim against the Corps for failing to delineate the entire parcel and against the EPA for failing to compel a delineation.[4]

---

1. Congress passed the Federal Water Pollution Control Act, commonly known as the Clean Water Act, in 1972 to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). The EPA is charged with administering the CWA and prescribing regulations. 33 U.S.C. §§ 1251(d), 1361(a). The Corps has responsibility for issuing permits for the discharge of dredged and fill material. 33 U.S.C. § 1344(a); 33 C.F.R. § 325.8. The Corps's jurisdiction under the CWA extends to all "waters of the United States," including wetlands. 33 U.S.C. § 1362(7); 33 C.F.R. 323.2(a)(7).

2. In a prior letter to Segale, on December 21, 1993, the Corps stated that the activities on the designated wetlands required a permit. Cun-

ningham Letter, Exh. E to Amended Complaint (docket no. 57). However, the Corps reversed that determination after further investigation. The Corps has taken no further action.

3. Plaintiff also brings an APA claim against the Corps for arbitrary and capricious decision making in determining that the activities are "normal farming." The defendants have not moved to dismiss that claim.

4. At oral argument, plaintiff's counsel indicated that there are no APA claims against the EPA and that there is no APA claim against the Corps based on its failure to delineate the entire parcel as wetlands. Because these claims appear on the face of the Complaint (docket no. 57) at ¶¶ 29-32, the Court addresses them here.

## DISCUSSION

### I. Standard to be Applied to Motion

■ Whether the Court has subject matter jurisdiction in this case is an issue of law. Where, as here, the jurisdictional issue does not address the merits of the case, the Court need not accept plaintiff's allegations as true, and the existence of disputed facts does not preclude resolving the issue in favor of the moving party. *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir.1979).

### II. CWA Citizen's Suit Claim

The CWA, 33 U.S.C. § 1365(a)(2), provides that a citizen may commence a civil suit "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." A "nondiscretionary duty" is one that is "mandatory under the legislation[;] ... suits will not extend to those areas of enforcement with regard to which the Administrator has discretion." *Kennecott Copper Corp. v. Costle*, 572 F.2d 1349, 1353 (9th Cir.1978) (quoting legislative history of the Senate Committee of the 93d Congress).

The Court concludes that: (1) § 1365(a)(2) does not waive the Corps's sovereign immunity, so the claim must be dismissed as to the Corps and West; and (2) plaintiff fails to identify a nondiscretionary duty that the EPA has not performed, so the claim must be dismissed as to the EPA and Browner.

### A. Sovereign Immunity of the Corps

■ "The United States, as a sovereign entity, is immune from suit unless it has consented to be sued." *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir.1986). In the absence of a waiver of sovereign immunity, the Court lacks subject matter jurisdiction over a claim against the sovereign. The plaintiff bears the burden of proving such waiver. *Id.* In order for the plaintiff to sustain this burden, the waiver of immunity must be clear on the face of the statute creating the cause of action. *United States v. Idaho*, 508 U.S. 1, ——, 113 S.Ct. 1893, 1896, 123 L.Ed.2d 563, 569 (1993) ("There is

no doubt that waivers of federal sovereign immunity must be 'unequivocally expressed' in the statutory text."). The Court may not expand a waiver beyond its express terms, but must construe it narrowly. *United States Dept. of Energy v. Ohio*, 503 U.S. 607, 614, 112 S.Ct. 1627, 1632–33, 118 L.Ed.2d 255 (1992); *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685–86, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983).

■ The CWA expressly permits suits against the "Administrator," who is defined as the Administrator of the EPA. 33 U.S.C. § 1251(d). Under the rules of construction discussed above, the Court may not extend the waiver beyond the statute's express terms to include the Corps. This conclusion is reinforced by the fact that the statute elsewhere refers specifically to the "Secretary," meaning "the Secretary of the Army, acting through the Chief of Engineers." 33 U.S.C. § 1344(d). "Administrator" thus is not a catchall term.

The Court finds further support from a comparison of this subsection with § 1365(a)(1), which permits citizen's suits for violations of effluent standards. Section 1365(a)(1) expressly waives the immunity of "(i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the eleventh amendment to the Constitution." The fact that Congress did not use similarly broad language in § 1365(a)(2) indicates that it meant the waiver of sovereign immunity to be limited to the Administrator.

Plaintiff argues that the waiver of sovereign immunity must be read to include the Corps because the Administrator has delegated certain duties to the Secretary of the Army, so that "the Corps stands in the shoes of the EPA and can be sued under 33 U.S.C. § 1365(a)(2)." Plaintiff's Response (docket no. 64) at 7. This argument ignores the rule that waivers of sovereign immunity must be construed narrowly and according to their express terms. The Court is not at liberty to rewrite the statute in accordance with extrinsic delegations of duty.

Plaintiff further argues that reading the statute not to permit citizen's suits against the Corps would effectively deprive citizens of relief from erroneous determinations by the Corps. On the contrary, the APA provides an alternate means of obtaining judicial review. *See Oregon Natural Resources Council v. United States Forest Service,* 834 F.2d 842, 852 (9th Cir.1987) (holding that where CWA action is unavailable, plaintiff may base jurisdiction on the federal question statute, 28 U.S.C. § 1331, and the APA). Limiting the CWA's citizen's suit provision to the EPA does not insulate the Corps from suit.

One other federal court has reached the conclusion that this Court reaches. *Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers* (*"PEACH"*), 915 F.Supp. 378 (N.D.Ga.1995) (holding that § 1365(a)(2) does not waive the Corps's immunity).[5] *PEACH* relied on the same factors cited above: the plain meaning of § 1365(a)(2) and a narrow construction of the waiver of immunity. This position is contrary to that taken in the Fourth Circuit. *National Wildlife Fed'n v. Hanson,* 859 F.2d 313 (4th Cir.1988), held that the Corps is subject to suit under § 1365(a)(2). This Court respectfully disagrees with *Hanson.*

■ *Hanson* held that, because the EPA and the Corps share responsibility for enforcing the CWA, "Congress could not have intended to" consent to suit against the EPA but not against the Corps. 859 F.2d at 316. However, that is precisely what the express terms of the statute accomplish, so the Court must assume that it was what Congress intended. "[C]ourts must presume that a legislature says in a statute what it means and

means in a statute what it says there." *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992).

■ *Hanson's* purposive reasoning may appear logical, but construction of a waiver of sovereign immunity begins and ends with the express terms of the statute. The Court must rely on plain meaning interpretation to the extent possible, and must resolve any ambiguities *against* a finding of waiver. The Court presumes that Congress was familiar with this principle of construction when it enacted the statute. *McNary v. Haitian Refugee Center, Inc.,* 498 U.S. 479, 496, 111 S.Ct. 888, 898, 112 L.Ed.2d 1005 (1991). Therefore, Congress must have intended to limit the consent to suit to the Administrator when it chose the language of the citizen's suit provision.[6]

The *Hanson* opinion does not even discuss the case law and rules of construction applicable to finding waivers of sovereign immunity. The *Hanson* court's failure to address relevant authority may be explained by the fact that the issue before it was not whether the action should have been dismissed for lack of subject matter jurisdiction, but whether the prevailing plaintiff was entitled to attorney's fees, which are available under the CWA but not under the APA. 859 F.2d at 315. The court's focus and the scope of its inquiry thus differed from this Court's; *Hanson* is not persuasive here.[7]

■ For the foregoing reasons, the Court grants the federal defendants' motion

---

5.  The federal defendants' citation to *PEACH* was the subject of plaintiff's motion to strike, docket no. 65, which the Court denied in a prior Order, docket no. 104. Plaintiff argues that *PEACH* is not good authority because it has not yet been published and has been appealed. This district's local rules do not prohibit references to unpublished opinions. Further, the Court finds *PEACH*'s reasoning sound and persuasive.

6.  The *Hanson* court did not rest solely upon its purposive construction of § 1365(a)(2). The court proposed as an alternative that plaintiffs

could sue the EPA under § 1365(a)(2) and join the Corps as a defendant under Fed.R.Civ.P. 20 (Joinder of Parties). 859 F.2d at 316. Because Rule 20 does not waive the Corps's sovereign immunity, *Hanson*'s reliance on this hybrid device makes it additionally unpersuasive.

7.  *Hanson* has since been applied in a context similar to this one. *Environmental Defense Fund v. Tidwell,* 837 F.Supp. 1344 (E.D.N.C.1992) (permitting § 1365(a)(2) suit against the Corps that challenged permit exemption determination). However, the court in *Tidwell* was bound

to dismiss Count II of the Amended Complaint as to the Corps and West.[8]

### B. The EPA has not Failed to Perform a Nondiscretionary Duty

■ The Complaint states that the EPA, like the Corps, has a "non-discretionary duty to make reasoned wetlands determinations." Amended Complaint ¶ 25 (docket no. 57). It alleges that the EPA failed to perform this duty "by failing to require that defendant ACE [the Corps] carry out its non-discretionary duties." *Id.* at 27. Read in conjunction with the rest of the Complaint, this claim seeks review of: (1) the EPA's failure to review or to reverse the Corps's "normal farming" decision and/or (2) the EPA's failure to compel the Corps to conduct a wetlands delineation on the remainder of the parcel. The Court concludes that the EPA does not have a nondiscretionary duty to perform either of these functions.

Plaintiff relies on the following statutory language for its argument that the EPA must review all Corps permit decisions:

> The Administrator is authorized to prohibit the specification (including the withdrawal of specification) of any defined area as a disposal site, and he is authorized to deny or restrict the use of any defined area for specification (including the withdrawal of specification) as a disposal site, whenever he determines, after notice and opportunity for public hearings, that the discharge of such materials into such area will have an unacceptable adverse effect.... *Before making such determination, the Administrator shall consult with the Secretary. The Administrator shall set forth in writing and make public his findings and his reasons for making any determination under this subsection.*

33 U.S.C. § 1344(c) (emphasis added). Plaintiff interprets this subsection to *require* the Administrator to consult with the Corps and to make written findings every time the Corps makes a determination, and then to decide whether to veto that determination. The Court disagrees.

The statute requires the Administrator to consult with the Corps and to set forth his findings in writing *when* he chooses to prohibit a specification (or withdrawal thereof) or to deny or restrict use of a designated area. If the Administrator does not choose to take these actions, the mandatory language "shall consult" and "shall set forth" does not come into play at all. Nothing in the subsection states or implies that the Administrator is required to review every decision the Corps makes. If the Administrator were required to do this, the delegation of duties to the Corps that plaintiff emphasized in its earlier argument would be pointless and would simply duplicate the performance of tasks.[9]

Plaintiff also relies on *Environmental Defense Fund v. Tidwell*, 837 F.Supp. 1344 (E.D.N.C.1992), in which the court permitted a CWA citizen's suit against the EPA for failing to review the Corps's determination, pursuant to § 1344(f), that certain activities

---

by *Hanson. Id.* at 1354 ("[T]he ruling in *Hanson* encompasses the situation involved in this case").

**8.** Even if the Corps does not have immunity, this claim must be dismissed. The CWA creates a cause of action only for failure to perform a nondiscretionary duty. This limitation is jurisdictional. 33 U.S.C. § 1365(a)(2).

The determination that Segale's activities are "normal farming," and thus do not require a permit, is not correctly characterized as a failure to perform a nondiscretionary duty; rather, plaintiff alleges that the Corps performed its duty erroneously. *See Scott v. City of Hammond, Ind.*, 741 F.2d 992, 995 (7th Cir.1984) (challenge to substance of action, rather than failure to act, is properly brought under APA, not CWA); *Sun Enterprises, Ltd. v. Train*, 532 F.2d 280, 288 (2d Cir.1976) (no jurisdiction under § 1365(a)(2) where it is "not the failure of the Administrator to perform a non-discretionary duty ... [but] the

manner in which those duties were performed which appellants are challenging.").

The Corps also does not have a nondiscretionary duty to determine whether a given plot of land is wetlands. None of the cases plaintiff cites for this proposition is on point. *See, e.g., Orange Environment, Inc. v. Cty of Orange*, 811 F.Supp. 926 (S.D.N.Y.1993) (considering suit against county under § 1365(a)(1), not a suit against the Corps under § 1365(a)(2)).

**9.** Plaintiff seems to rely in part on 40 C.F.R. Pt. 231, which is inapplicable here. The regulations at 40 C.F.R. Pts. 229–231 govern an EPA veto of a permit. In this case, the Corps never issued a permit; it determined that Segale's activities do not require one because they are "normal farming" under 33 U.S.C. § 1344(f)(1)(A). The regulatory guidelines applicable to such determinations are set forth at 40 C.F.R. § 232.

on wetlands did not require a permit. The court found that the EPA's "ultimate responsibility for the protection of wetlands" gave rise to a nondiscretionary duty to oversee Corps decisions. 837 F.Supp. at 1354. This Court does not agree with *Tidwell* that Congress intended the citizen's suit provision to apply to such broadly-defined duties.[10] Under *Tidwell*'s reasoning, and under the reading urged by plaintiff, the EPA has a nondiscretionary duty to review every determination made by the Corps. Nothing in the text of the statute supports this reading.

■ Because § 1365(a)(2) waives the EPA's sovereign immunity, it must be construed narrowly. This Court construes that section to require that a duty must be identifiable from the statutory text as nondiscretionary in order for it to form the basis of a citizen's suit against the EPA. Plaintiff has not identified any portion of the CWA that requires the EPA to review Corps decisions for error or to compel the Corps to make wetlands determinations. Accordingly, the Court grants the federal defendants' motion to dismiss Count II as to the EPA.

### III. *APA Claim Against EPA for Failure to Review the Corps's "Normal Farming" Decision*

■ Count III seeks judicial review under the APA, 5 U.S.C. § 702, of the EPA's failure to review or to reverse the Corps's determination that Segale's activities are "normal farming." Amended Complaint ¶ 30 (docket no. 57). This portion of Count III must be dismissed because the EPA's decision not to act is committed to its discretion and thus is not subject to judicial review under the APA. 5 U.S.C. § 701(a)(2).

■ "An agency's decision not to prosecute or enforce . . . is a decision generally committed to an agency's absolute discretion." *Heckler v. Chaney,* 470 U.S. 821, 831, 105 S.Ct. 1649, 1655, 84 L.Ed.2d 714, 723 (1985) (finding unreviewable the FDA's decision not to take enforcement action against the unapproved use of approved drugs for state-sponsored executions). Under *Chaney,*

agency inaction is presumed to be unreviewable under the APA. 470 U.S. at 832, 105 S.Ct. at 1656, 84 L.Ed.2d at 724. This presumption may be overcome only by a showing that the statute provides "guidelines for the agency to follow in exercising its enforcement powers." 470 U.S. at 833, 105 S.Ct. at 1656, 84 L.Ed.2d at 724.

The presumptive unreviewability of agency inaction reflects the fact that an agency's decision not to take enforcement action involves careful balancing of the need for enforcement against the chances of success and the resources it would require. 470 U.S. at 831, 105 S.Ct. at 1655–56, 84 L.Ed.2d at 724. Courts are not well-suited to such balancing of considerations; "[t]he agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Id.*

Plaintiff cannot overcome the presumption against unreviewability of the EPA's inaction. Plaintiff does not even attempt to identify statutory criteria for enforcement decisions that could guide the Court's inquiry and thus overcome the presumption. Accordingly, the Court lacks subject matter jurisdiction over this claim and must grant defendants' motion to dismiss Count III as to the EPA.

### IV. *APA Claim Against Corps for Failure to Delineate Wetlands and Against EPA for Failure to Compel Delineation*

■ Count IV addresses the Corps's failure to delineate the entire portion of land as wetlands under the CWA and the EPA's failure to compel the Corps to take such action. Amended Complaint ¶ 32 (docket no. 57). The federal defendants seek to dismiss this Count in its entirety on the ground that the APA does not permit review of agency actions that lack finality. 5 U.S.C. § 701; *Nevada v. Watkins,* 914 F.2d 1545, 1563 (9th Cir.1990), *cert. denied,* 499 U.S. 906, 111 S.Ct. 1105, 113 L.Ed.2d 215 *reh. denied,* 501 U.S. 1225, 111 S.Ct. 2844, 115 L.Ed.2d 1012 (1991). The Court agrees.

Plaintiff finds "final agency action" in the Corps's May 1994 letter to Segale, which

---

**10.** The other cases plaintiff cites are distinguishable. *See, e.g., James City Cty v. EPA,* 12 F.3d 1330 (4th Cir.1993) (discussing whether EPA considered proper evidence in conducting permit review); *Save the Bay, Inc. v. EPA,* 556 F.2d 1282 (5th Cir.1977) (same).

stated that Segale's activities fell under the "normal farming" exception to the permit requirement, and that unless the activities changed or the Corps received new, relevant information, the Corps would take no further action. Plaintiff argues that the letter could be the Corps's last word on the subject of wetlands delineation on the subject land. However, the fact that the agency may not take further action does not necessarily mean that the agency's decision is reviewable under the APA.

In *FTC v. Standard Oil,* 449 U.S. 232, 239–42, 101 S.Ct. 488, 493–94, 66 L.Ed.2d 416, 424–26 (1980), the Supreme Court used a pragmatic test for determining whether an agency has taken final and reviewable action. The Court balanced the burden that the agency's action had imposed on the regulated entity against the likelihood that judicial review at that stage would interfere with the agency's functions and result in inefficient, piecemeal litigation. As described in *Hecla Min. Co. v. EPA,* 12 F.3d 164, 165 (9th Cir.1993), the *Standard Oil* test asks "whether the action was a definitive statement of the agency's position, had a direct and immediate effect on the day to day business of the complaining party, [or] had the status of law and whether immediate compliance with the decision is expected."

Under this test, the Corps's statement that, absent new evidence or a change in usage, it would not make a wetlands determination as to the remainder of the parcel of land, is not final agency action. The Corps's decision did not impose a burden on the plaintiff. The Corps has not determined that the remainder of the parcel is *not* wetlands. And based on the Corps's determination that the activities are "normal farming" (a conclusion that *is* subject to review under the APA), Segale would not need a permit even if the Corps conducted an investigation and determined that the remainder of the parcel is wetlands. Thus, the Corps's decision not to investigate further does not have the force of law and has not fixed any legal relationships.

In addition, judicial review of the Corps's decision could interfere with agency operations. The agency is prepared to investigate should it find a reason to do so. If such a reason arises, either by virtue of this litigation or otherwise, the Court should provide the Corps with an opportunity to conduct its own review before intervening. Review of the status quo would not be an efficient use of judicial resources because a ruling could become moot if the status quo changes and the Corps decides to take further action. The Court therefore finds that the Corps has not taken final agency action with respect to the delineation of wetlands on the subject land. This conclusion extends to the EPA. If the Corps's decision not to take immediate action is not final agency action, then the EPA's failure to compel further action likewise is not reviewable. Accordingly, the Court grants defendants' motion to dismiss Count IV.

## CONCLUSION

NOW, THEREFORE, the federal defendants' motion for judgment on the pleadings is granted. The Court hereby dismisses the following claims: (1) CWA claim against all federal defendants (Count II); (2) APA claim against the EPA for failing to review the Corps's "normal farming" determination (part of Count III); and (3) APA claim against the Corps and EPA for failing to make a wetlands determination (Count IV).

IT IS SO ORDERED.